IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JERMAINE BELL, | * | |
| Plaintiff, | * | |
|  | * | Civil Action No.: RDB-11-1086 |
| v. | * | Crim. Action No.: RDB-06-179 |
| UNITED STATES OF AMERICA | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 11, 2012, this Court entered its Memorandum Opinion and Order denying Petitioner Jermaine Bell's motion under 28 U.S.C. § 2255. On July 3, 2012, Petitioner signed and mailed the pending Motion for Reconsideration (ECF No. 397) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, Petitioner's Motion for Reconsideration (ECF No. 397) is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of June 11, 2012 (ECF No. 395). To summarize, Petitioner led a drug distribution organization in and around Baltimore City from some period between 1996 and 2001. As a result of a territorial dispute with a rival organization, Petitioner issued contracts for the murders of several individuals, including Angelo Stringfellow. Stringfellow was shot and killed outside of a Baltimore City club on June 26, 2001.

1

Petitioner was indicted in February of 2008 on a number of charges, including three counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death.  On August 27, 2008, Petitioner entered a guilty plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Under the terms of the plea agreement, Petitioner's agreed sentence ranged from 312 to 396 months.  Ultimately, this Court sentenced Petitioner to 360 months imprisonment and three years of supervised release for violation of 28 U.S.C. § 924(j).

Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on January 4, 2010.  After his Writ of Certiorari to the United States Supreme Court was denied, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 337).  On June 11, 2012, this Court entered its Memorandum Opinion and Order denying Petitioner Jermaine Bell's motion under 28 U.S.C. § 2255.  On July 3, 2012, Petitioner signed and mailed the pending Motion for Reconsideration (ECF No. 397) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment.  *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  As this Court recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Here, Plaintiff served his Motion for Reconsideration, expressly pursuant to Rule 59(e), by mail on July 3, 2012. This Court entered its Order denying Petitioner's § 2255 motion on June 11, 2012. Therefore, Petitioner's Motion was timely under Rule 59(e). *See also* Rule 5(b).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[1] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

Petitioner has not met the high bar he faces to succeed on his Motion for Reconsideration. There has been no intervening change in controlling law since this Court's Memorandum Order of June 11, 2012; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. To the extent that Plaintiff makes new arguments in his Motion for Reconsideration, they are arguments that were available to her and should have been raised in his initial Motion to Vacate. Further, the Plaintiff presents no reason why these new arguments were not made prior to this Court's entry of its Order. Thus, the Plaintiff has not met the grounds for reconsideration under Rule 59(e). Nevertheless, Plaintiff's main arguments are considered in the following discussion.

As in his Motion to Vacate, Petitioner contends that he received ineffective assistance of counsel because his attorneys failed to investigate a potential defense that the murder of

4

Angelo Stringfellow was unrelated to the alleged drug conspiracy. Petitioner's first argument is that this Court erred in its summary of the facts; Petitioner contends that his counsel merely summarized the facts that the Government was prepared to offer at trial and that they were not established as matter of truth. *See* Mot. Reconsideration at 3. Despite the fact that this argument simply rehashes the same point made in his Motion to Vacate, this argument also misconstrues Petitioner's previous representations. This Court's recitation of the facts closely tracks the facts as summarized in the stipulated facts of Petitioner's plea agreement—which Petitioner agreed could be proved by the Government at his rearraignment. *See* Rearr. Tr. 35:13-22, ECF No. 337-2.

Petitioner's second argument addresses this Court's assessment of the prejudice prong under *Strickland v. Washington*, 466 U.S. 668 (1984); specifically, Petitioner takes issue with this Court's consideration of co-defendant Sean Sterling's 360 month sentence that was imposed after a trial. Petitioner initially asserts that "Sterling's case in no way effects [sic] Petitioner [sic] case because they were differently situated and would have relied on different defense." Mot. Reconsideration at 4. However, Petitioner provides no analysis or support for this argument. Petitioner next asserts that he did not receive any significant benefit from his plea agreement because Sterling's sentence under § 924(j) was only 240 months. Assuming *arguendo* that this specific point had some merit, it does not entitle Petitioner to any relief. This portion of the Court's opinion constituted alternative holding, and Petitioner's Motion to Vacate was properly denied because Petitioner failed to demonstrate deficient performance, as explained in this Court's June 11, 2012 Memorandum Opinion.

Finally, Petitioner contends that this Court erred in denying him a certificate of appealability before Petitioner formally applied for such a certificate. However, Rule 11 of the Rules governing Section 2254 and 2255 proceedings states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." There is no requirement for the district court to wait for the Petitioner to apply for a certificate of appealability, and this Court therefore did not err in the procedures that it employed.

## **CONCLUSION**

For the foregoing reasons, Petitioner Jermaine Bell's Motion for Reconsideration fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 2nd day of February, 2015, ORDERED that:

1. Petitioner's Motion for Reconsideration (ECF No. 397) is DENIED; and
2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge